IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **DAVID SCHLESSINGER,**<br>**Plaintiff,**<br><br>**v.**<br><br>**SAFE STEP WALK IN TUB, LLC,**<br>**& FRANK GIALKETIS, individually.**<br>**and in his official capacity**<br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No. 3:25-cv-01251**<br>**Judge Trauger/Frensley** |

**REPORT AND RECOMMENDATION**

## I. INTRODUCTION

Plaintiff David Schlessinger brought this action against Defendants Safe Step Walk in Tub, LLC ("Safe Step") and Frank Gialketsis (collectively, "Defendants") alleging fraud in the inducement and negligent misrepresentation, both arising out of the conversations related to Plaintiff's employment with Safe Step. Docket No. 40. This case, originally filed in the Southern District of Florida, was transferred to this Court pursuant to a forum selection clause designating Tennessee as the proper forum. Docket No. 20.

This matter is now before the Court upon a Motion to Dismiss filed by Mr. Gialketsis, who argues that this Court does not have personal jurisdiction over him. Docket No. 47. Mr. Gialketsis has also filed a Supporting Memorandum. Docket No. 48. Plaintiff has filed a Response in Opposition and Mr. Gialketsis has filed a Reply. Docket Nos. 49, 50.

For the reasons set forth below, the undersigned recommends that Mr. Gialketsis' Motion to Dismiss (Docket No. 47) be **GRANTED**.

## II. LAW AND ANALYSIS

### A. Motions to Dismiss for Lack of Personal Jurisdiction

When deciding a motion to dismiss for lack of personal jurisdiction, a court may "rule on the motions on the basis of affidavits alone, permit discovery in aid of the motion, or conduct an evidentiary hearing on the merits of the motion," and the party asserting personal jurisdiction bears the burden of establishing that jurisdiction exists. *Kerns v. Caterpillar, Inc.*, 583 F. Supp. 2d 885, 891 (M.D. Tenn. May 1, 2008). When the motion is decided without conducting an evidentiary hearing, the party asserting jurisdiction "need only make a *prima facie* showing of jurisdiction to defeat the motion," and the Court must consider the facts in the light most favorable to the nonmoving party while declining to weigh conflicting facts offered by the defendant. *Id.* The party asserting jurisdiction can meet this *prima facie* burden by "establishing with reasonable particularity sufficient contacts between the defendant and the forum state to support jurisdiction." *Id.* (internal quotation marks omitted).

There are two forms of personal jurisdiction: general and specific. General jurisdiction exists when "a defendant's contacts with the forum state are of such a continuous and systematic nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state." *Third Nat'l Bank in Nashville v. WEDGE Group Inc.*, 882 F.2d 1087, 1089 (6th Cir. 1989) (internal quotation marks omitted). *See also*, *Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014); *Goodyear Dunlop Tires Operations*, S.A. v. Brown, 131 S. Ct. 2846, 2851 (2011). Specific jurisdiction exists when "a state exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum." *Cumberland & Ohio Co. v. Coffman*, 719 F. Supp. 2d 884, 888 (M.D. Tenn. 2010). In the Sixth Circuit, specific jurisdiction exists when: (1) the defendant purposefully avails himself of

the privilege of acting in the forum state or causing a consequence in the forum state; (2) the cause of action arises from the defendant's activities there; and (3) the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. *See, e.g.*, *Southern Mach. Co. v. Mohasco Industries Inc.*, 401 F.2d 374, 381 (6th Cir. 1968).

**B. Mr. Gialketsis's Motion to Dismiss for Lack of Personal Jurisdiction**

Mr. Gialketsis argues that he did not negotiate the direct seller agreement central to this litigation, as evidenced by his lack of a signature on the document and his declaration that he "did not negotiate, draft, or sign the operative Direct Seller Agreement" and had "no knowledge of the forum selection clause." Docket No. 47-1, p. 2. Mr. Gialketsis emphasizes that Plaintiff advanced substantially the same arguments regarding personal jurisdiction in both Florida and Tennessee and thereby undermined the credibility of his factual allegations, which he argues lack supporting evidence and are instead "contradicted by clear extrinsic evidence in this matter." *Id.* at 3-4. Mr. Gialketsis further contends that the First Amended Complaint does not allege that any of the communications regarding Plaintiff's hiring for the Direct Seller position "originated from Tennessee, were made while Mr. Gialketsis was physically present in Tennessee, or were uniquely directed toward Tennessee as a forum." *Id.* at 5. Mr. Gialketsis also argues that the Direct Seller Agreement governing Plaintiff's hiring "governs disputes between Plaintiff and Safe Step" and does not create personal jurisdiction in Tennessee over Mr. Gialketsis as a non-signatory employee "based on the same pre-contract conduct previously alleged in Florida." *Id.*

Additionally, Mr. Gialketsis maintains that personal jurisdiction does not exist because he is a non-resident defendant and his contacts with Tennessee were minimal and indirect. *Id.* at 6. Mr. Gialketsis asserts that he " is a resident of California, was served in California, only

communicated with Plaintiff through electronic and telephonic means, never met Plaintiff in person, much less in Tennessee, and did not visit Tennessee in conjunction with Plaintiff to avail himself of this action." *Id.* at 7. Mr. Gialketsis argues that just as the Southern District Court of Florida already dismissed the case against him for lack of personal jurisdiction, Plaintiff's attempts to assert jurisdiction in Tennessee by repackaging the same allegations do not create personal jurisdiction. *Id.* at 9. He points to the Florida Court's conclusion that "the only remaining Defendant in the action is Safe Step, with whom Plaintiff has a contract, arguing that it is unnecessary to hale "an individual into a distant forum where the corporate defendant is already fully capable of answering the claims asserted" and through that corporate defendant, "Plaintiff can obtain complete relief on his claims." *Id.* (citation modified). Mr. Gialketsis emphasizes that jurisdiction must be based on a defendant's personal choice to avail himself of the forum, not on his employer corporation's affiliation with the forum, because otherwise the Court would improperly extend personal jurisdiction over an individual in a manner that violates the Due Process Clause. *Id.* at 10.

Plaintiff responds that Mr. Gialketsis purposefully availed himself of Tennessee because he negotiated the contract between Plaintiff and Safe Step, which contained a forum selection clause designating Tennessee as the forum for litigation. Docket No. 49, p. 4-5. Plaintiff acknowledges that Mr. Gialketsis did not sign the agreement but argues that personal jurisdiction nevertheless exists because he helped negotiate the contract containing the forum selection clause. *Id.* Further, Plaintiff contends that Mr. Gialketsis purposefully availed himself of Tennessee because he "hired Plaintiff, directed Plaintiff to travel to Tennessee for training, and participated in video conferences with Plaintiff and other employees in Tennessee." *Id.* at 5.

Plaintiff additionally argues that his claims arise from Mr. Gialketsis's forum-related

activities because the alleged misrepresentations involve Plaintiff's employment and training in Tennessee. *Id.* at 6. Plaintiff avers that Mr. Gialketsis's contacts with Tennessee are substantial such that the exercise of personal jurisdiction is reasonable because he negotiated Plaintiff's employment agreement and participated in Plaintiff's training in Tennessee. *Id.* Accordingly, Plaintiff argues that Mr. Gialketsis should have reasonably anticipated being haled into a Tennessee Court. *Id.*

Mr. Gialketsis replies that the cases the Plaintiff cites do not support the exercise of personal jurisdiction because it is "undisputed that Mr. Gialketsis is not a Tennessee citizen and Plaintiff has offered no facts establishing the requisite continuous and systematic contacts." Docket No. 50, p. 1. Mr. Gialketsis notes that "Plaintiff is not a Tennessee citizen" and asserts that Plaintiff's alleged injuries "did not arise out of activities in Tennessee." *Id.* at 1-2.

Mr. Gialketsis avers that the cases Plaintiff cites "each involved some combination of a Tennessee resident, Tennessee-based business activity, monetary damages tied to the state, or forum-related conduct giving rise to the alleged injury," whereas here, Mr. Gialketsis is a California resident who interviewed a Florida resident (Plaintiff) for a Florida-based position and whose alleged injuries occurred in Florida. *Id.* at 3, 5. Mr. Gialketsis emphasizes that Plaintiff's employment agreement was only with Safe Step and that Mr. Gialketsis's name does not appear on the agreement, which, he argues contradicts Plaintiff's assertion that it was Mr. Gialketsis who hired him. *Id.* at 4. Mr. Gialketsis contends that "Plaintiff cannot salvage jurisdiction by relying on contract negotiations alone—particularly where Mr. Gialketsis did not sign the Agreement and performed no acts related to the alleged harm in Tennessee." *Id.* at 5.

In the case at bar, Mr. Gialketsis is a resident of California; there has been no suggestion that he is a citizen of Tennessee. His contacts within Tennessee, as presented by Plaintiff, are not

continuous or systematic enough to establish general personal jurisdiction. *See Third Nat'l Bank*, 882 F. 2d at 1089. Therefore, specific jurisdiction is the only manner by which Plaintiff may establish personal jurisdiction. Plaintiff does not dispute Mr. Gialketsis's assertions that he did not own property in Tennessee and did not work in Tennessee. To the extent that, as Plaintiff contends (and Mr. Gialketsis denies) Mr. Gialketsis negotiated a contract for Plaintiff's employment, it was a contract for employment to be carried out in Florida. Docket No. 40-2. Thus, it appears that he did not purposefully avail himself of the privilege of acting in Tennessee. *See S. Mach. Co.*, 401 F.2d at 381. Plaintiff alleges that Mr. Gialketsis's forum-related activities include directing Plaintiff to travel to Tennessee for training and participating remotely by video from outside Tennessee to conduct part of the training. Docket No. 49, p. 5. However, the cause of action asserted by Plaintiff does not "aris[e] out of" or relate to Mr. Gialketsis's participation in training conducted in Tennessee or his direction that Plaintiff attend training there. *Receiver of Assets*, 719 F. Supp. 2d at 888.

Moreover, Plaintiff attempts to establish personal jurisdiction through the employment contract, which Plaintiff alleges Mr. Gialketsis helped negotiate, and which included a forum selection clause designating Tennessee as the chosen forum. Docket No. 49, p. 4-5; Docket No. 40-2, p. 11. Yet, Sixth Circuit precedent establishes that "when a signatory plaintiff invokes the [forum selection] clause against a non-signatory defendant and uses it to establish personal jurisdiction in the contractually chosen forum, enforcement of the clause creates a constitutional due-process problem by circumventing the basic minimum-contacts requirement." *Firexo, Inc. v. Firexo Grp. Ltd.*, 99 F. 4th 304, 318 (6th Cir. 2024). "To conclude that a court has personal jurisdiction over a defendant based solely on that defendant's connection to a contract is to fundamentally misunderstand the Supreme Court's recent caselaw in this area." *Id.* (citation

modified). Therefore, Mr. Gialketsis cannot be haled into a Tennessee court based on a forum selection clause in a contract to which he was not a party and which both parties acknowledge he did not sign. *See* Docket Nos. 48, 49.

There is simply not enough of a connection between Mr. Gialketsis and Tennessee to make the exercise of either general or specific personal jurisdiction over Mr. Gialketsis reasonable. Although "in Tennessee, even a defendant's single act, if it is deliberately directed toward a State resident and gives rise to the cause of action, can support a finding of purposeful availment and therefore meet the due process requirement of minimum contacts," Plaintiff is not a Tennessee resident, and as discussed above, Mr. Gialketsis's contacts with Tennessee do not give rise to Plaintiff's cause of action. *Erwin v. Piscitello*, 627 F. Supp. 2d 855, 859 (E.D. Tenn. 2007) (citation modified). Plaintiff has failed to establish "with reasonable particularity sufficient contacts between the defendant and the forum state to support jurisdiction" and, therefore, has failed to make the prima facie showing of jurisdiction necessary to defeat the motion to dismiss. *Kerns*, 583 F. Supp. 2d at 891.

## III. RECOMMENDATION

For the reasons set forth below, the undersigned recommends that Mr. Gialketsis' Motion to Dismiss (Docket No. 47) be **GRANTED**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See*

*Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**



Case 3:25-cv-01251 Document 77 Filed 08/19/26 Page 8 of 8 PageID #: 693